UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E.G., individually and on behalf of M.B., a child with a disability,

    *Plaintiffs*,

 -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

    *Defendant.*

COMPLAINT

Case No.

---

E.G., individually and on behalf of M.B., a child with a disability, by and through his attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiffs E.G. and M.B. reside in the County of Bronx, State of New York.

3. M.B. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. E.G. is the parent of M.B. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with

original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. M.B. was born in 2007.

9. M.B. was classified as a student with autism by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated November 16, 2021, Plaintiff requested a due process hearing regarding deprivation of educational services by Defendant to M.B.

11. The matter was assigned case number 221667.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant was in violation of its obligations to M.B. during the 2021-2022 school year due to its failure to implement M.B.'s Individualized Education Services Plan.

13. As relief, Plaintiff's DPC requested a pendency placement at Gersh Academy, the Defendant perform a speech-language evaluation, an independent neuropsychological evaluation, an independent vocational assessment, tuition for Gersh Academy, transportation to and from Gersh Academy, extended school year services, and compensatory services to remedy Defendant's

failure to implement M.B.'s Individualized Education Services Program.

14. Defendant appointed Steven Forbes as impartial hearing officer (IHO).

15. On December 6, 2021, IHO Forbes held a pendency hearing, during which, Plaintiff's counsel submitted two (2) exhibit into the record.

16. On December 6, 2021, IHO Forbes issued an order on pendency, finding that M.B.'s baseline program for pendency purposes consisted of M.B. attending Gersh Academy, funded by the Defendant, and to provide or fund transportation to Gersh Academy.

17. On February 3, 2022, the hearing on the merits commenced, at which time, Plaintiff submitted thirty six (36) exhibits into the record, and called three witnesses, and Defendant did not submit any exhibits and did not call any witnesses.

18. On February 18, 2022, IHO Forbes issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, placing M.B. at the Gersh Academy for the remainder of the 2021-2022 school year, the Defendant fund M.B. tuition at Gersh Academy for the 2021-2022 school year, reimbursement to the Parent for any tuition paid out of pocket, fund an independent neuropsychological evaluation not to exceed $6,000, fund an independent vocation assessment not to exceed $1,200, after completion of those evaluations reconvene an IEP meeting, and to provide M.B. with transportation to and from Gersh Academy.

19. On April 20, 2022, Plaintiff, through his counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

20. On April 29, 2022, Defendant acknowledged the above fee demand and advised Plaintiff's counsel that Roslyn Roth had been assigned to the fee claim.

21. As of the date of this Complaint, Plaintiff's counsel has received no further substantive communication from Defendant's counsel regarding the fee demand.

## FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if more fully set forth herein.

23. Plaintiff E.G. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

24. Plaintiff E.G. initiated an impartial hearing on behalf of her son M.B. under case number 221667.

25. Plaintiff E.G. prevailed at the impartial hearing by obtaining a decision and order from IHO Forbes ordering the relief sought by Plaintiff in her DPC.

26. On April 20, 2022, Plaintiff, through his counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

27. As of the date of this complaint, Defendant has failed to communicate or otherwise engage in substantive discussions with Plaintiff's counsel regarding the demand for attorneys' fees.

28. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks post-judgment interest to deter any further delay of payment by Defendant following any judgment.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 221667 pursuant to 20 U.S.C. § 1415; together with post-judgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with post-judgment interest thereupon;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
October 18, 2022                    Respectfully submitted,

                                                              s/ Kevin M. Mendillo
                                                            CUDDY LAW FIRM, PLLC
                                                            Kevin M. Mendillo
                                                            *Attorneys for Plaintiffs*
                                                            5693 South Street Road
                                                            Auburn, New York 13021
                                                            (315) 370-4020